F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 8 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01376-LTB

WILLIAM A. MAUNZ,

      Plaintiff,

v.

DEPUTY VELEZ, Badge No. 06 hisp./male,
DEPUTY HARRIS, Badge No. 92 blk./male,
DENVER COUNTY JAIL/DENVER DETENTION CENTER,
SHERIFF OF DENVER,
GARY WILSON, Undersheriff, and
OFFICE OF THE MAYOR,

      Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

      Plaintiff, William A. Maunz, has filed *pro se* on July 15, 2011, a "Motion for Refiling Prisoner's/Civil Complaint, 42 § 1983" (Doc. #5) in which he apparently asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on July 7, 2011. The Court must construe the motion to reconsider liberally because Mr. Maunz is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion to reconsider will be denied.

      A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Maunz's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

The Court dismissed the instant action without prejudice because Mr. Maunz failed to cure certain deficiencies. Mr. Maunz initiated this action by filing a "Motion for Refiling, Civil/Prisoner's Complaint 42 § 1983 (Notice of Intent)." On May 27, 2011, Magistrate Judge Boyd N. Boland entered an order directing Mr. Maunz to cure certain deficiencies within thirty days if he wished to pursue his claims. More specifically, Magistrate Judge Boland ordered Mr. Maunz to file a Prisoner Complaint and either to pay the filing fee or to file a properly supported motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Mr. Maunz was warned that the action

2

would be dismissed without further notice if he failed to cure the deficiencies within thirty days.  Mr. Maunz did not respond to the order directing him to cure the deficiencies and, as a result, the Court dismissed the instant action after the time to cure the deficiencies had expired.

Mr. Maunz alleges in the motion to reconsider that officials at the Denver County Jail where he is incarcerated covered up two assaults by sheriff's deputies.  The assaults allegedly occurred in June and July 2011 and caused physical injuries that were not treated by medical staff.  Although he does not state it directly, Mr. Maunz apparently contends that he was unable to cure the deficiencies in this action because of the assaults.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Maunz fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  The fact that Mr. Maunz allegedly was assaulted in June and July 2011 did not prevent him from initiating a new habeas corpus action in this Court on June 16, 2011.  *See Maunz v. Denver Dist. Court*, No. 11-cv-01583-LTB (D. Colo. July 7, 2011).  In another case pending in this Court, Mr. Maunz managed to file motions for extensions of time to cure the deficiencies on June 13, 2011, and July 6, 2011. *See Maunz v. Kanipe*, No. 11-cv-00886-BNB (D. Colo. filed Apr. 5, 2011).  As these actions demonstrate, Mr. Maunz was not prevented from communicating with the Court during the time period in which he was directed to cure the deficiencies in this action.  Furthermore, Mr. Maunz still has made no effort to cure the deficiencies in this action.  He has not filed a Prisoner Complaint and he has failed either to pay the filing fee or to file a properly supported motion seeking leave to proceed *in forma pauperis*

3

pursuant to 28 U.S.C. § 1915.  As a result, the motion to reconsider will be denied.  Mr.

Maunz is reminded, however, that the Court dismissed the instant action without

prejudice.  Therefore, if Mr. Maunz wishes to pursue his claims, he may do so by filing a

new action.  Accordingly, it is

ORDERED that the "Motion for Refiling Prisoner's/Civil Complaint, 42 § 1983"

(Doc. #5) filed on July 15, 2011, is denied.

DATED at Denver, Colorado, this  28th  day of  ___July___, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01376-BNB

William A Maunz
Prisoner No.  457517
Denver County Jail
PO Box 1108
Denver, CO 80201

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on July 28, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                       Deputy Clerk