FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 07 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01376-LTB

WILLIAM A. MAUNZ,

    Plaintiff,

v.

DEPUTY VELEZ, Badge No. 06 hisp./male,
DEPUTY HARRIS, Badge No. 92 blk./male,
DENVER COUNTY JAIL/DENVER DETENTION CENTER,
SHERIFF OF DENVER,
GARY WILSON, Undersheriff, and
OFFICE OF THE MAYOR,

    Defendants.

## ORDER DENYING MOTIONS

Plaintiff, William Maunz, has filed *pro se* a "Motion for Recusal of Judge" (Doc. #11), a "Motion for Show Cause Order Pursuant to 28 U.S.C.A. § 2241" (Doc. #12), "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action" (Doc. #13), and second "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action" (Doc. #14). The Court must construe the motions liberally because Mr. Maunz is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motions will be denied.

The Court first will address the "Motion for Recusal of Judge." The Court will consider the motion pursuant to both 28 U.S.C. § 144 and 28 U.S.C. § 455.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. **See Green v. Branson**, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." **Hinman v. Rogers**, 831 F.2d 937, 939 (10th Cir. 1987). Although the Court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. **See Glass v. Pfeffer**, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." **United States v. Burger**, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. **See Liljeberg v. Health Servs. Acquisition Corp.**, 486 U.S. 847, 860 (1988). Pursuant to § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." **Glass**, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. **See United States v. Cooley**, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Maunz fails to submit a timely and sufficient affidavit of personal bias and prejudice and he fails to make any argument that would demonstrate an appearance of partiality. He merely disagrees with the Court's reasoning in dismissing this and other actions he has filed. However, the fact that the Court has dismissed actions filed by Mr. Maunz is not sufficient to demonstrate that disqualification is appropriate pursuant to either § 144 or § 455(a) because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, the motion to recuse will be denied.

The "Motion for Show Cause Order Pursuant to 28 U.S.C.A. § 2241" and the motions seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in a habeas corpus action also will be denied because, as Mr. Maunz is well aware, the instant action was dismissed by order filed on July 7, 2011. In addition, the motions apparently relate to habeas corpus claims that are not relevant to the 42 U.S.C. § 1983 claims Mr. Maunz sought to raise in this action. Accordingly, it is

ORDERED that the "Motion for Recusal of Judge" (Doc. #11), the "Motion for Show Cause Order Pursuant to 28 U.S.C.A. § 2241" (Doc. #12), the "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action" (Doc. #13), and the second "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action" (Doc. #14) are denied.

DATED at Denver, Colorado, this 6th day of September, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01376-BNB

William A Maunz
Prisoner No. 457517
Denver County Jail
PO Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 7, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk